# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID E. ST. PIERRE, et al.,  )
        Plaintiff,  )  2:07-cv-0032-RCJ-LRL
vs.  )
          )  **ORDER**
HOLLINGSWORTH, *et al.*,  )
        Defendants.  )

    Before the Court is plaintiffs' *pro se* civil rights complaint. On February 8, 2007, the *in forma pauperis* applications of plaintiff David St. Pierre and plaintiff John Olah were granted. (Docket #3 and #4).

**I.   Screening Standards**

    This Court now must screen plaintiffs' civil rights complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To

state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    The Instant Complaint**

In the complaint, plaintiffs David E. St. Pierre and John Olah bring action against the following individuals: Adams, Hollingsworth, Plumlee, and Colbert, identified as correctional staff at the Southern Desert Correctional Center (SDCC); former Nevada Attorney General George Chanos; former Governor Kenny Guinn; Glenn Worton, Director of the NDOC; James Cox, Assistant Director of the NDOC; and Brian Williams, Warden of SDCC.  Plaintiffs assert violations of their Eighth Amendment and due process rights.

**A.    Eighth Amendment Claims**

**1. Defendant Hollingsworth**

Both plaintiffs claim that correctional officer Hollingsworth subjected them to excessive force in violation of their Eighth Amendment rights.  When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7.  Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10.

In the instant case, plaintiff St. Pierre has alleged that on September 26, 2006, while waiting in line for daily "pill call," defendant Hollingsworth subjected him to unprovoked and excessive physical force.  Plaintiff St. Pierre alleges that Hollingsworth "physically grabbed me, jerked me off the bench wrenching my neck and back; and slammed me against the wall holding my left shoulder with his right hand and arm, struck me in the lower back with his arm and fist then grabb[ed] my neck and slamm[ed]

3

my head against and into a wall." (Complaint, at p. 3-c). These allegations constitute more than a *de minimus* use of force and are sufficient to state an excessive force claim against defendant Hollingsworth.

Plaintiff Olah alleges that on October 7, 2006, he reported to his job as a porter at the prison infirmary. Upon his arrival to the gate leading to the infirmary, Olah displayed his gate pass, but defendant Hollingsworth would not permit his entry through the gate to the infirmary. Hollingsworth directed Olah to leave and "when I [Olah] began to leave Hollingsworth . . . grabbed the back of my neck and physically threw me against the wall outside the medical clinic main door . . . and began kicking the back of my feet and legs shouting 'open your legs,' which had already been open and spread adequately apart as I was taught . . . to do during my incarceration." (Complaint, at p. 3-g). Plaintiff Olah alleges that Hollingsworth then handcuffed his hands behind his back, "physically threw me on to . . . an electric vehicle . . . and transported me to my assigned housing unit." (*Id.*). Upon arrival to his housing unit, plaintiff Olah alleges that "Hollingsworth pushed my head into he wall after pushing me to my knees . . . Hollingsworth then dragged me physically by my left arm into the room." Plaintiff Olah's allegations constitute more than a *de minimus* use of force and are sufficient to state an excessive force claim against defendant Hollingsworth.

**2. Defendant Colbert**

Plaintiffs allege that "defendant Colbert violated plaintiff Olah's rights when he stood aimlessly, deliberately indifferently and wantonly by condoning and, as such, promoting defendant Hollingsworth's assaults upon Olah." (Complaint, at p. 4-B). Plaintiff Olah alleges that defendant Colbert was present during the entire October 7, 2006, incident yet did nothing to prevent defendant Hollingsworth from subjecting plaintiff to excessive physical force.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d at 1250-51; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (where pretrial detainee is alleging a breach of the duty to protect a detainee from attack by other inmates, the court should utilize Eighth

1 Amendment standards). The prisoner must allege that prison officials were "deliberately indifferent to
2 a serious threat to the inmates's safety." *Farmer v. Brennan*, 511 U.S. at 834. The deliberate
3 indifference standard involves an objective and a subjective prong. First, the alleged deprivation must
4 be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v.
5 Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive
6 risk to inmate health or safety." *Id.* at 837. To the extent that plaintiff Olah alleges that defendant
7 Colbert observed defendant Hollingsworth's use of excessive force and failed to act – thus disregarding
8 a substantial risk of harm – plaintiff states a viable Eighth Amendment claim against defendant Colbert
9 for deliberate indifference to his safety.

### B.   Due Process Claim Regarding Handling of Inmate Appeals

Plaintiffs allege that defendants violated their rights because they did not take what plaintiffs deem to be the appropriate action regarding their inmate appeals filed against defendant Hollingsworth and Colbert concerning the incidents of excessive force.

Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative grievance cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, plaintiffs fail to state a viable due process claim against defendants concerning the handling

5

of prison grievances and appeals. Because amendment would be futile, the due process claim is dismissed with prejudice.

### C. Equal Protection Claim

Plaintiffs assert that defendants denied them equal protection of the law. The allegations made in the complaint simply do not implicate the Equal Protection Clause. The Equal Protection Clause was intended as a restriction on state legislative action inconsistent with elemental constitutional premises. Thus the Court has treated as "presumptively invidious those classifications that disadvantage a 'suspect class,' or that impinge upon the exercise of a 'fundamental right.' " *Plyler v. Doe* 457 U.S. 202, 216-217 (1982) *citing McLaughlin v. Florida*, 379 U.S. 184, 192 (1964); *Hirabayaski v. United States,* 320 U.S. 81, 100 (1943)), *see also Dunn v. Blumstein,* 405 U.S. 330, 336 (1972). Because plaintiffs have made no allegation that they were treated differently as members of a suspect class or that they were treated differently in a manner that impinged on the exercise of a fundamental right, plaintiffs fail to state a claim for an Equal Protection violation. Accordingly, the equal protection claim will be dismissed with prejudice.

### D. No Respondeat Superior Liability

Plaintiffs broadly allege that former Nevada Attorney General George Chanos, former Governor Kenny Guinn, NDOC Director Glenn Worton, Assistant Director James Cox, and Warden Brian Williams violated their constitutional rights.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional

violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiffs have named defendants Chanos, Guinn, Worton, Cox, and Williams merely due to their official positions within the State of Nevada. Plaintiffs have not alleged that these defendants personally participated in the alleged violations, knew of the violations and failed to prevent them, or promulgated a policy that was the moving force behind the alleged use of excessive force by a correctional officer. Accordingly, plaintiffs fail to state a viable claim against defendants Chanos, Guinn, Worton, Cox, and Williams. Because amendment would be futile, these defendants will be dismissed with prejudice.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk is directed to **FILE** the complaint.

**IT IS FURTHER ORDERED** that plaintiffs' complaint states viable § 1983 claims against defendants Hollingsworth and Colbert for violation of plaintiffs' Eighth Amendment rights.

**IT IS FURTHER ORDERED** that plaintiffs fail to state a viable due process claim against defendants concerning the handling of prison grievances and appeals. Because amendment would be futile, the due process claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that plaintiffs fail to state a viable claim for an equal protection violation. Because amendment would be futile, the equal protection claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that defendants Chanos, Guinn, Worton, Cox, Williams, Adams, and Plumlee are **DISMISSED** with prejudice from this action, as the complaint fails to state a viable claim as to these individuals and the complaint cannot be cured by amendment.

**IT IS FURTHER ORDERED** that the Clerk shall **send a copy of this Order, along with a copy of plaintiffs' complaint, to the Office of the Attorney General of the State of Nevada, attention Carol Sweeney**. The Attorney General shall advise the Court, within **twenty (20) days** of the date of entry of this Order, whether they can accept service of process for the named defendants. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file

and serve an answer or other response to the complaint within **sixty (60) days** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that if the Attorney General does not accept service of process for any named defendant(s), then plaintiffs must file a motion identifying the unserved defendant(s), requesting issuance of summons for the unserved defendant(s), and specifying the full name(s) and address(es) of the unserved defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint is filed.

**IT IS FURTHER ORDERED** that plaintiffs' motion to expedite and request for submission (Docket # 10) is **DENIED AS MOOT**.

DATED: September 27, 2007

_____
UNITED STATES DISTRICT JUDGE