# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID E. ST. PIERRE and  
JOHN M. OLAH,　　　　　　　　　　　　)　2:07-cv-0032-RCJ-LRL  
　　　　　　　　Plaintiffs,  
　　　　　　　　　　　　　　　　　　　　**ORDER**  
　　vs.  

IRA HOLLINGSWORTH and  
C/O MR. COLBERT,  
　　　　　　　　Defendants.

On September 27, 2007, Plaintiffs, who were inmates at the Nevada Southern Desert Correctional Center, commenced this action in forma pauperis and pro se, alleging that Defendants violated their civil rights. *See* 42 U.S.C. § 1983. (#12). Pending before the Court is Defendants' motion to dismiss upon the ground that Plaintiffs are deceased and no person has moved to substitute for them. *See* Fed. R. Civ. P. 25(a).

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that if a party dies, unless substitution is made within 90 days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. *See* Fed. R. Civ. P. 25(a)(1). The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party. *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994).

The first step of this process is for a party to formally suggest the death of the party upon the record. On August 12, 2008, Defendants notified the Court of Plaintiffs' death by filing notices of suggestion of death upon the record. (#51, #52).

However, Defendants have failed to complete their obligation under Rule 25. Although statements noting Plaintiffs' deaths were filed with the Court, there is no indication in the record that those were also served on the deceaseds' representatives or successors, as required by Rule 25. The Ninth Circuit has held that Rule 25 requires two steps to be performed to trigger the 90-day period:

> [T]he rule requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.

*Barlow,* 39 F.3d at 233 (nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4).

Since it appears that the decedents' successors or representatives have not been served, the 90-day period within which a substitution motion may be made or the action will be dismissed has not been triggered yet. *See id.* at 233–34. If Defendants have attempted to identify Plaintiffs' successors or representatives, but have failed to ascertain any such persons, then Defendants should submit an affidavit or declaration attesting to such efforts. At this time, the Court has received no indication from Defendants whether Plaintiffs have any successors or representatives and whether they were served, or whether Defendants have been unable to identify any successors or representatives. Plaintiffs' death does not automatically terminate the Court's jurisdiction. *See id.* at 235 (order dismissing under Rule 25 was reversed and case was remanded for motion to substitute.). Defendants have yet to fully comply with their obligation under Rule 25. *See Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1040 (N.D. Cal. Oct. 17, 2006) (denying motion to dismiss

under Rule 25 for failure to provide the court with an assertion or evidence that they complied with the notice requirements of Rule 25); *U.S. v. Seventy-One Firearms*, No. 3:04CV00402, 2006 WL 1983240, at #2 (D.Nev. July 13, 2006) (holding that Rule 25's 90-day filing period was not triggered for failure to properly serve non-party representative in compliance with Rule 4).

IT IS HEREBY ORDERED that Defendants' motions to dismiss are DENIED. IT IS FURTHER ORDERED that Defendants are granted thirty (30) days to notify the Court of their service of the suggestions of death upon Plaintiffs' successors or representatives, or alternatively, Defendants' unsuccessful efforts to identify Plaintiffs' successors or representatives.

Dated: January 5, 2009

_____
Robert C. Jones
United States District Judge

(bb)